IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FANSTEEL METALS, INC. F/K/A FMRI, INC.,  )
                                          )
                    Plaintiff,            )
                                          )
         v.                               )   Civil Action No.  CIV-21-102-JWB-DES
                                          )
MUSKOGEE CITY-COUNTY PORT                 )
AUTHORITY; *et al*.;                      )
                                          )
                    Defendants.           )

## PLAINTIFF'S STATUS REPORT
## FOR APRIL 15, 2024 STATUS HEARING

Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff"), through its counsel, Clark Hill PLC, state as its Status Report regarding ongoing settlement discussions with the Defendants in this action, in anticipation of the Court's April 15, 2024 Status Conference, the following. *See* Dkt. #257 ("Status Hearing").

1.      For the Court's ease of reference, Plaintiff has summarized and attaches a Summary Chart that provides relevant information for each of the Defendants who is subject to this Court's jurisdiction, after having been served or waived service of summons, and who is participating in Fed. R. Evid. 408 settlement discussions with Plaintiff. *See* **Exhibit A**; *see also* Dkts. #242, #256 and #257. For context, Plaintiff also includes the PRPs named as defendants in a separate related case filed by Plaintiff, through separate counsel due to undersigned counsel's conflicts.[1] *See* Dkt. #242 at ¶ 7.

---

[1]      . The Companion Litigation is styled as *Fansteel Metals, Inc. v. Citigroup, Inc. and Union Carbide Corporation*, Case No. 6:22-cv-00366-JFH-GLJ and names two vendor defendants, Union Carbide Corporation and Citigroup, Inc.
.

2.      Pertinent to the liability and allocation issues, and Plaintiff's responses to them, discussed in the Summary Chart, under the Environmental Settlement Agreement ("ESA") entered by the Bankruptcy Court for Fansteel's 2016 bankruptcy, Plaintiff's pending causes of action in the Second Amended Complaint against the Defendants seeks contribution under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA"). *See* ESA attached as **Exhibit B**; *see also* SAC filed at Dkt. #89.  Tthe ESA resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and Environmental Protection Agency ("EPA"), and the Oklahoma Department of Environmental Quality ("ODEQ"). *See id.*

3.      In accordance with the ESA, Plaintiff is *required to complete* the investigation and remediation of the Fansteel Metals Site and *to pursue* all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's response costs incurred and to be incurred. *See id.* The ESA also incorporates provisions relating to the Net Proceeds obtained from PRPs, including that the Net Proceeds are to be used to satisfy Fansteel's requirements under its Plan of Liquidation in the 2016 Bankrupcy and are to be allocated between Plaintiff and the NRC/EPA/ODEQ for use for ongoing and future work to investigate and remediate the Fansteel Site. *See* ESA, Ex. B at ¶ 14.

4.      Accordingly, the changed circumstances described in Plaintiff's Motion for entry of an Amended Case Management Order with respect to USEPA's/DOJ Enforcement's settlement methodology and timing have altered the scope of Plaintiff's contribution claims under the ESA and its Fed. R. Evid. 408 settlement discussions with the Defendants. *See* Dkt. #256 at 1-4. These circumstances relate to USEPA's issuing *De Minimis* settlement offers ("DSO") and pursuing enforcement through General Notice letters ("GNL") and/or Special Notice letters ("SNL") to non-

*de minimis* Defendants. *See id.*

5.      The Summary Chart also incorporates Plaintiff's characterization of key pending settlement and litigation issues relating to each Defendant and their ongoing Fed. R. Evid. 408 discussions following the Court's earlier ruling on various Defendants' Motions to Dismiss where the Court found Plaintiff pleaded *prima facie* CERCLA arranger liability. *See* Exh. A; *see also* Order entered at Dkt. #156 attached as **Exhibit C**. These Defendants' liability to Plaintiff, while now limited to their equitable share of Plaintiff's Past Response Costs, remain based upon calculations using each defendant's contractual arrangements with Plaintiff to determine each's attributable volume of Residual Waste Material ("RWM") containing hazardous substances disposed of at the Fansteel Site. *See* Exh. B and Exh. C.

6.      As to what constitutes Defendants' equitable share, Plaintiff is not only taking into consideration its own equitable share as owner-operator, but also that the ESA requires present dollar response costs in order to complete its investigation and remediation of the Fansteel Metals Site. *See* Exh. A; Exh. B. First, Fansteel is a twice-bankrupt entity that incurred Past Response Costs for the Fansteel Metals Site, resulting in its bankruptcies. *See* Exh. B. Second, the Net Proceeds obtained from Defendants are to be used under the ESA for costs yet to be incurred at the Fansteel Metals Site. *See id.*

7.      These issues may ultimately require adjudication by this Court, but in order to get there, Plaintiff anticipates disclosures and primarily document discovery.[2] Upon completion of the evidentiary record, summary disposition on the pending legal issues, including arranger liability, including useful product and intent to dispose, as well as the equitable allocation of liability among

---

[2]      Through their motions, answers and FRE 408 settlement discussions, all Defendants have denied liability. Regardless of any filings of record, the Court should deem that all Defendants have done so.

Plaintiff as owner-operator and the Defendants as arrangers. *See* <u>Exh. A</u>.

Dated:  April 12, 2024                                                  Respectfully Submitted,

**Fansteel Metals, Inc. f/k/a FMRI, INC.**

By:    */s/ Jeffrey M. Sniadanko*
Jeffrey M. Sniadanko, Esq. (IL 6331532)
*(Admitted Pro Hac Vice)*
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, IL  60601
Tel: (312) 985-5523 - Fax: (312) 985-5966
jsniadanko@clarkhill.com
Christopher R. Ward, Esq. (32300)
cward@clarkhill.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this, the 12th day of April, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all of the counsel of record. Additionally, I served a copy upon counsel for the following party who was served but is not yet appeared, Amalgamet, Inc.

*s/ Jeffrey M. Sniadanko*_____