IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEL METALS, INC. F/K/A FMRI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  CIV-21-102-JWB-DES |
| | ) |
| MUSKOGEE CITY-COUNTY PORT | ) |
| AUTHORITY; *et al.*; | ) |
| | ) |
| Defendants. | ) |
| _____/ | |

### PLAINTIFF'S UNOPPOSED MOTION FOR EXPEDITED RELIEF AND ENTRY OF SECOND AMENDED INITIAL INTERIM CASE MANAGEMENT ORDER TO EXTEND STAY AND FILING DEADLINE [1] OR ALTERNATIVELY TO SCHEDULE LIMITED DEADLINES UNDER FED. R. CIV. P. 16 AND 26(f)

Plaintiff, FANSTEEL METALS, INC. f/k/a FMRI, Inc., ("Plaintiff"), by and through its counsel, Clark Hill PLC, moves this Court pursuant to Fed. R. Civ. P. 6 and 16, and LCvR 7.1(d) and 7.1(i), and in accordance with the ongoing relief provided by the Court in its *First Amended Initial Interim Case Management Order* entered on March 28, 2024 at Dkt. #57 ("First Amended Initial CMO"), for further expedited relief by either: 1) extending the stay of litigation deadlines applicable to all Parties, or 2) lifting the litigation stay, but only setting deadlines under Fed. R. Civ. P. 16 and 26(f), including completion of the Conference of the Parties and submittal of their Discovery Plan, scheduling a Pretrial Conference and subsequent entry of a Scheduling Order.

---

[1] Plaintiff requests expedited consideration of the instant Motion pursuant to LCvR 7.1(d). Pursuant to the Court's First Amended Initial CMO, unless they have already done so, on or before May 31, 2024 each Defendant is required to have answered or otherwise pleaded to Plaintiff's Second Amended Complaint ("SAC"). Dkt. #89. As Plaintiff has discussed with each of the Defendants during previous Fed. R. Evid. 408 bilateral settlement discussions, the Second Amended Interim Case Management Order and extended stay of certain deadlines sought herein directly relates to and will obviate the May 31, 2024 deadline imposed by the Court's First Amended Initial CMO.

Plaintiff proposes that in light of the still-pending anticipated action by the United States Environmental Protection Agency ("USEPA") and the Department of Justice ("DOJ"), there remains good cause for the proposed extended stay of deadlines. However, in light of the Court's indication on the record at the April 15, 2024 status conference that it was inclined to move forward with the case, Plaintiff's proposal in the alternative that Rule 16 and Rule 26(f) deadlines, including scheduling a Pretrial Conference, will provide additional time for USEPA and DOJ to act. Under the alternative proposal, the deadline for Answers and Responsive Pleadings to be filed, if applicable to any Defendant, could be addressed through entry of a Scheduling Order subsequent to the Pretrial Conference. Both options proposed by Plaintiff for amendment of the First Amended Interim CMO will facilitate Plaintiff's ongoing productive Fed. R. Evid. 408 settlement discussions with Defendants, which will certainly be furthered once USEPA issues its *De Minimis* settlement offers ("DSO") that Plaintiff believes will likely include four (4) Defendants. *See* Dkt. #258-1, Plaintiff's Summary Chart. For the remaining four (4) non-*de minimis* Defendants, subsequent enforcement efforts are anticipated that would involve issuance of general notice letters ("GNL") and/or special notice letters ("SNL") regarding the performance of certain work required by USEPA to be done at the Fansteel Metals Site (future costs) and the payment of USEPA past response costs. These will be based on a change in USEPA's settlement methodology, following the Fansteel Metals Site's listing on the National Priorities List ("NPL").

Plaintiff's initial proposal for further amendment of the First Amended Interim CMO will:

    A. stay litigation deadlines until July 31, 2024, which date shall:

        i. be subject to modification and/or further extension upon Plaintiff's request and good cause shown, if necessitated by the timing of planned DSO issuance and finalizing of *de minimis* settlements by and between USEPA / DOJ and Defendants, and of contemporaneous Fansteel, Inc. past costs settlements, as discussed below;

        ii. become the operative deadline, unless modified or extended, for any

        Defendants that do not accept Plaintiff's past response costs cash out settlement presented in Plaintiff's March 19, 2024 *Updated Confidential Fansteel Past Costs Settlement Term Memorandum* and deem their Fed. R. Evid. 408 settlement discussions with Plaintiff at an impasse (thus becoming a "Litigating Defendant") to file their appearance[2] and answer or otherwise plead to the SAC.

Plaintiff's alternative proposal for amendment of the First Amended Interim CMO will lift the litigation stay with respect to:

    A. setting limited deadlines pursuant to Fed. R. Civ. P. 26(f) for Plaintiff and all Defendants:

        i. to conduct Conference(s) of the parties on or before June 30, 2024 regarding discovery;

        ii. to file a written report outlining the parties' discovery plan on or before July 15, 2024; but

        iii. the time for each party to provide its Fed. R. Civ. P. 26(a)(1) Initial Disclosure to all other parties subsequent to the discovery Conference of the parties shall be extended, pending the setting of the deadline in a subsequent Scheduling Order;

        iv. the timing for each party to seek discovery subsequent to the discovery Conference of the parties shall be extended, pending the setting of deadlines by the Court in a subsequent Scheduling Order;

    B. schedule a Fed. R. Civ. P. 16(b) Scheduling Conference in late July or early August, 2024, to be held telephonically so as to minimize the parties travel expense, and which requires Plaintiff's and all Defendants' telephonic attendance, to facilitate the Court's exercise of its discretion and to:

        i. ascertain the status of USEPA's issuance of DSOs and the progress of ongoing productive Fed. R. Evid. 408 settlement discussions for those De Minimis Defendants with Plaintiff to resolve their liability to Plaintiff for the past response costs incurred by Fansteel, Inc. at the Fansteel Metals Site;

---

[2]    Amalgamet, Inc. was served with Summons and the SAC on November 30, 3022. Dkt. #196. The Court's Initial Case Management Order granted relief to Amalgamet by extending the time for Amalgamet to file its appearance in addition to its responsive pleading to April 1, 2024. Dkt. #248 at p.2. In light of the relief sought herein, Plaintiff states that it has no objection to the Court further extending Amalgamet, Inc's deadline to appear; however, Plaintiff believes that Amalgamet, should be subject to the deadlines set forth in the alternative proposal, should the Court lift the litigation stay.

      ii. ascertain those Defendants who do not desire to immediately declare their ongoing productive Fed. R. Evid. 408 settlement discussions with Plaintiff to be at an impasse, pending USEPA's issuance of GNLs and/or SNLs to resolve non-*de minimis* Defendants' liability or USEPA's determination whether to allow a cash out option to resolve Defendants' liability for future costs. For these Defendants, Plaintiff further anticipates the Scheduling Conference will enable the Court to;

            a) ascertain those Defendants who ultimately intend to litigate their liability at the Fansteel Metals Site;

            b) discuss how to most efficiently vitiate any Defendant's 1) assertion(s) of a claim of insufficiency with the allegations and exhibits to the SAC and 2) objection(s) to further amendments of the SAC, despite that the voluminous Vendor Nexus Documents have already been furnished by Plaintiff to each Defendant in the context of their Fed. R. Evid. 408 settlement discussions that evidence each Defendant's liability to the Fansteel Metals Site (as well-documented by the parties in the Status Reports filed to date regarding their settlement discussions). *See, e.g.,* Dkt. #242 at ¶ 6(a), fn. 2, and ¶ 9(a) through (h);

      iii. finalize deadlines for Litigating Defendants to answer or otherwise plead to the SAC or any subsequent amendment thereof, by interlinetion or otherwise, and to schedule briefing on any motions that the Litigating Defendants state they intend to file.

      iv. set the deadline for each party to provide its Fed. R. Civ. P. 26(a)(1) Initial Disclosure to the other parties; and

      v. set deadlines in accordance with the parties' Discovery Plan, including written and oral fact discovery, expert disclosures and oral discovery, as well as summary judgment motion practice.

For all the reasons previously set forth in *Plaintiff's Motion For Expedited Relief and Entry of Amended Interim Case Management Order to Extend Stay and Filing Deadline But Retain Status Hearing* (Dkt. #256) and the additional bases set forth below, Plaintiff believes that the interests of judicial economy support that good cause continues to exist for this Court to modify the schedule and further extend the temporary stay and filing deadlines in this litigation. If the Court intends that the stay be lifted, Plaintiff believes that in the alternative, the same reasons

support that good cause exists for setting certain limited deadlines under Rule 16 and 26(f). In further support, Plaintiff states as follows:

1. Since the Court's entry of the First Amended Interim CMO on March 28, 2024, Plaintiff and the Defendants have awaited action by USEPA and DOJ Enforcement to issue DSOs to certain Participating Defendants. Dkt. #256 at p. 2. Although USEPA previously expressed that its issuance of DSO letters was forthcoming in 2023, Plaintiff subsequently became aware of changed circumstances in USEPA's/DOJ Enforcement's settlement methodology and the timing for its issuance of DSOs. *See* Dkt. #256 at ¶¶ 1-3, 10.

2. The information recently provided to Plaintiff meant that the settlement options previously set forth in Plaintiff's August 17, 2023 Confidential Memorandum of Proposed Settlement Options for Vendor Defendants with USEPA Contingency would no longer apply.

3. Specifically, Plaintiff is now informed that in order for *de minimis* Defendants to obtain statutory contribution protections and a covenant not to sue from the United States under Section 113(b) of the the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), USEPA and DOJ will be seeking to resolve each *de minimis* Defendants' equitable share of USEPA's incurred past costs, as well as each Defendant's equitable share of the future response costs at the Fansteel Metals Site. As such, the CERCLA contribution protections will not apply to Plaintiff's past incurred response costs, and each *de minimis* Defendant's settlement (as well as each non-*de minimis* Defendant's settlement) with Plaintiff will be resolved through a separate settlement agreement resolving each Defendant's equitable share of Plaintiff's past incurred response costs at the Fansteel Metals Site.

4. As the scope of USEPA's cost recovery and contribution claims against Vendor Defendants to be resolved will become known once the DSOs are sent and received by *de minimis*

Defendants, which the USEPA determined are eligible for *de minimis* treatment. The DSOs would inform each Defendant who receives it that they have been identified by the USEPA as a potentially responsible party under CERCLA at the Fansteel Metals Site and that they qualify for a treatment as a *de minimis* party eligible to resolve their liability with USEPA through a *de minimis* settlement. Dkt. #242 at ¶¶ 14, 15 and 18(c).

5. USEPA has not yet issued its intended DSOs to *de minimis* Defendants under its modified settlement methodology. Despite ongoing requests to USEPA and DOJ subsequent to the Court's April 15, 2024 telephonic status conference, Plaintiff still has no specific information on the updated timing for USEPA's issuance of the DSOs.

6. However, consistent with Plaintiff's efforts thus far to finalize settlements with Defendants, until the USEPA issues its DSOs, Plaintiff's settlement discussions will remain static.

7. In fact, Defendants have expressed during their settlement discussions with Plaintiff that their reluctance to commit to resolve Plaintiff's contribution claims against them will continue until they know whether USEPA considers them to be eligible for a *de minimis* treatment and the settlement structure of USEPA's DSOs.

8. Similarly, multiple likely non-*de minimis* Defendants have also expressed that they continue to avoid declaring their Fed. R. Evid. 408 settlement discussions at an impasse and becoming a Litigating Defendant given those same uncertainties. Additionally, even though some Defendants recognize they are unlikely to be eligible for *de minimis* treatment and will not receive a DSO from USEPA, USEPA stated its intention that the remaining non-*de minimis* Defendants will more than likely receive a GNL and/or SNL, which advise recipients that they are liable under CERCLA and that they have an opportunity to participate in negotiating with USEPA over the required work to be done at the Fansteel Metals Site and the payment of response costs. Thus, they

want to wait for the scope of USEPA's/DOJ's non-*de minimis* settlement offers through the GNL/SNL processes and the mechanisms by which the non-*de minimis* Defendants may resolve their liability with USEPA, before declaring their Fed. R. Evid. 408 settlement discussions at an impasse.

9. By contrast, following its March 19, 2024 Updated Past Costs Settlement Memorandum, other Defendants have made clear their desire to resolve their liability to Plaintiff under its past response costs settlement methodology once USEPA's DSOs are issued and the settlement structure of USEPA's *de minimis* offers is known.

10. To be clear, the settlement that Plaintiff is now offering to *de minimis* Defendants is based upon each Participating Defendants's equitable share of the Past Response Costs incurred by Plaintiff, using each Defendant's attributable volume of Residual Waste Material ("RWM") containing hazardous substances disposed of at the Fansteel Site, as calculated from each defendant's contractual arrangements with Plaintiff. *See* Dkt. #156 at p. 2 (in ruling on Defendants' Motions to Dismiss and finding Plaintiff pleaded *prima facie* CERCLA liability, the Court described the purchase arrangements at issue noting "Fansteel did not pay any Vendor Defendant any amount for the residual waste in the raw material," and that "the residual waste was treated and disposed of at the Fansteel Site."). Also, Plaintiff has been advised that its calculations for Participating Defendants' RWM at the Fansteel Site were "pretty close" to the RWM calculations performed by USEPA's contractor, Toeroek, Inc. *See* Dkt. #247 at ¶ 13.

11. Accordingly, the extension of the stay of deadlines is intended to provide additional time for the *de minimis* Defendants to start to negotiate and execute written settlement agreements with Plaintiff while contemporaneously resolving their liability to USEPA for its past response costs and the future response costs to investigate and remediate the Fansteel Metals Site without

having to incur further fees and expense in litigation.

12. And upon the conclusion of each *de minimis* Defendant's confidential settlement negotiations and execution of a bilateral settlement agreement with Plaintiff, which would be predicated on finalizing their *de minimis* settlement with USEPA, they will be dismissed from this action with prejudice and protections from contribution with respect to Fansteel, Inc.'s past response costs in this litigation.

13. Plaintiff believes that its proposed July 31, 2024 extension of the stayed deadlines as well as its alternative proposal that lifts the litigation stay and sets only deadlines under Fed. R. Civ. P. 16 and 26(f) are adequate and reasonable for the anticipated actions by USEPA / DOJ to notify *de minimis* Participating Defendants of their liability at the Fansteel Metals Site, to offer them an appropriate means of resolving their liability through a *de minimis* settlement, to consummate and administratively approve the settlements with such Participating Defendants, and by default to identify the non-*de minimis* Participating Defendants who will await the USEPA's/DOJ's determination of the scope and mechanisms for non-*de minimis* Defendant settlements.

14. Accordingly, under either proposal, the Court will be able to more efficiently handle those Defendants who then opt to become a Litigating Defendant.

15. A proposed Second Amended Initial Interim Case Management Order, providing the further extension of the litigation stay as set forth herein is attached as Exhibit A and a proposed Second Amended Initial Interim Case Management Order, providing the alternative relief by lifting the litigation stay and setting limited deadlines under Fed. R. Civ. P. 16 and 26(f) is attached as Exhibit B.

WHEREFORE, Fansteel Metals, Inc. f/k/a FMRI, Inc., respectfully requests this Court grant the relief sought herein, on an unopposed basis per the Court's First Amended Initial Interim Case Management Order, and enter a Second Amended Case Management Order either one of the forms attached hereto, and grant such additional relief as the Court may deem just and appropriate under the circumstances.

Dated May 30, 2024               Respectfully Submitted,

                                 FANSTEEL METALS, INC. f/k/a FMRI, INC.

                                 Plaintiff,

                                 By: _____
                                 Jeffrey M. Sniadanko, Esq. *(Admitted Pro Hac Vice)* (jsniadanko@clarkhill.com)
                                 Eric Dorkin, Esq. *(Motion for Admission Pro Hac Vice to be Filed)* (edorkin@clarkhill.com)
                                 CLARK HILL PLC
                                 130 East Randolph Street, Suite 3900
                                 Chicago, IL  60601
                                 (Sniadanko) Tel: (312) 985-5523
                                 Fax: (312) 985-5966

                                 Christopher R. Ward, Esq. (32300)
                                 (cward@clarkhill.com)
                                 CLARK HILL | STRASBURGER
                                 2600 Dallas Parkway, Suite 600
                                 Frisco, Texas 75034

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 30th day of May, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all the counsel of record. Additionally, I served a copy upon counsel for the following party who was served but not yet appeared, Amalgamet, Inc.

*s/ Jeffrey M. Sniadanko*