IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEL METALS, INC. F/K/A FMRI, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. CIV-21-102-JWB-DES <br> ) |
| MUSKOGEE CITY-COUNTY PORT AUTHORITY; *et al.*; | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## UPDATED JOINT [1] STATUS REPORT PURSUANT TO SEVENTH AMENDED INITIAL INTERIM CASE MANAGEMENT ORDER EXTENDING STAY DATED OCTOBER 9, 2025

In accordance with the Court's Order dated October 9, 2025 (Dkt. #288), the parties hereto, ("Parties"), comprising the Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff") and all Defendants currently subject to the Court's Seventh Amended Initial Interim Case Management Order Extending Stay entered on October 9, 2025 (Dkt. #288) submit this Updated Report to support the ongoing need for additional time for the numerous Defendants who are now invited to participate in the multilateral confidential settlement negotiations based upon a "single settlement" methodology that involve the United States Environmental Protection Agency ("USEPA"), Department of Justice ("DOJ") and Plaintiff, in furtherance of Defendants' potential resolution of

---

[1]     Plaintiff has circulated a draft of this Updated Status Report to all Defendants. However, given the nature of the Plaintiff's confidential discussions with USEPA and its bilateral FRE 408 discussions with Defendants, the Parties have adopted the following language proposed to streamline its filing:

> The statements made in this Status Report generally concern matters over which Plaintiff has greater familiarity and are, therefore, statements of the Plaintiff (and should not be taken as statements of any Defendant). For purposes of this filing, Defendants do not adopt the contents of this Status Report. However, Defendants fully support further extension of the stay to facilitate further settlement discussions.

their respective liabilities to USEPA and Plaintiff. Specifically, Kennametal, Inc., Osram Sylvania, Inc., United States Defendant, Cabot Corporation, EverZinc USA, Inc., and Metallurg, Inc. are collectively the "Participating Defendants."[2] Consequently, Plaintiff, along with the Participating Defendants, as well as Defendant BHP Minerals Service Company, Inc., which continues to participate in bilateral Fed. R. Evid. 408 settlement discussions with Plaintiff, each through their respective counsel, state the following as their Updated Joint Status Report regarding ongoing settlement discussions. *See* Dkt. #288.

1.  For the Court's ease of reference, Plaintiff previously summarized and reattaches Plaintiff's Summary Chart, which characterizes relevant information for each Participating Defendant who has been served or waived service of summons and are participating in Fed. R. Evid. 408 settlement discussions with Plaintiff. **Exhibit 1**, Summary Chart attached as Ex. 1 to Plaintiff's March 28, 2025 and subsequent *Updated Status Reports* (Dkts. #280-1 and #283-1); *see also e.g.,* Dkts. #242, #256, #264, #267, #273, #280, #283, #286. For context, Plaintiff also includes the PRPs named as defendants in the companion case filed by Plaintiff in this District through separate counsel, due to undersigned counsel's conflicts.[3] *See id.*, *see also e.g.,* Dkt. #242 at ¶ 7.

2.  Among the information contained in the Summary Chart is generalized information about the Parties' positions regarding liability and allocation under its remaining cause of action

---

[2] Plaintiff understands that Defendant Amalgamet, Inc. has requested the USEPA and DOJ evaluate and determine its defense to its *de minimis* liability based upon a limited ability to pay and is not anticipated to participate in the new "single settlement" negotiations. Subject to USEPA's and DOJ's determination of Amalgamet's defense, Amalgamet's appropriate resolution of USEPA's and Fansteel's response costs claims, and USEPA's issuance of contribution protections under CERCLA, Amalgamet will be dismissed from this action.

[3] The Companion Litigation is styled as *Fansteel Metals, Inc. v. Citigroup, Inc. and Union Carbide Corporation*, Case No. 6:22-cv-00366-JFH-GLJ and names two vendor defendants, Union Carbide Corporation and Citigroup, Inc.

(Count V),[4] which seeks contribution under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA") relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Metals Site"). *See id.*

3.      Pertinent thereto, Plaintiff states that its pending causes of action in the Second Amended Complaint against the Defendants arise under the Environmental Settlement Agreement ("ESA") entered by the Bankruptcy Court for Fansteel's 2016 bankruptcy. *See* **Exhibit 2**, ESA previously attached as Ex. 2 to Plaintiff's March 28, 2025 and June 24, 2025 *Updated Status Reports* (Dkt. #280-2 and #283-2); *see also* SAC filed at Dkt. #89.[5] The ESA resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and USEPA, and the Oklahoma Department of Environmental Quality ("ODEQ"). *See id.*

4.      In accordance with the ESA, Plaintiff states that it is *required to complete* the investigation and remediation of the Fansteel Metals Site and *to pursue* all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's response costs incurred and to be incurred. *See* ESA, Ex. 2. The ESA also incorporates provisions relating to the

---

[4] Count I, seeking cost recovery, was dismissed by the Court in its prior ruling on Muskogee City-County Port Authority's Partial Motion to Dismiss (Dkt. #158), which is dispositive of cost recovery against the Vendor Defendants (Count IV).

[5] Defendants deny Plaintiff's claims. Further, Owner Defendant, Muskogee City-County Port Authority, reached a *De Minimis* settlement with the EPA that foreclosed Plaintiff's claims herein. Fansteel Metals subsequently entered into a joint stipulation of dismissal with Owner Defendant, Muskogee City-County Port Authority, with prejudice pursuant to FRCP 41(a)(1)(A)(ii), which was entered by this Court on April 29, 2024 (Dkt. #262).

K2859\419842\285642486.v2

Net Proceeds obtained from PRPs, including that the Net Proceeds are to be used to satisfy Fansteel's requirements under its Plan of Liquidation in the 2016 Bankruptcy and are to be allocated between Plaintiff and the NRC/USEPA/ODEQ for use for ongoing and future work to investigate and remediate the Fansteel Metals Site. *See* ESA, Ex.2 at ¶ 14.

5. Following the Fansteel Metals Site's inclusion on the National Priorities List ("NPL"), USEPA is now planning to complete the remediation of the Fansteel Metals Site. Accordingly, Plaintiff's Motions for entry of Amended Initial Interim Case Management Orders (*see* Dkt. #256 at ¶¶ 1-4; Dkt. #264 at ¶¶ 1-6; Dkt. #267 at ¶¶ 1-6; Dkt. #273 at ¶¶ 3-5) account for this development, which altered the scope of Plaintiff's contribution claims under the ESA and its Fed. R. Evid. 408 settlement discussions with the Defendants.

6. On August 22, 2024, USEPA issued *De Minimis* settlement offers ("DSO") to Kennametal, Inc., Osram Sylvania, Inc. Amalgamet, Inc., and the United States Defendant. *See* Dkt. #273 at ¶¶ 3-5. Accordingly, on September 20, 2024, pursuant to Fed. R. Evid. 408, Plaintiff finalized and issued its Revised Updated Confidential Fansteel Past Costs Settlement Structure Memorandum ("Past Costs Settlement") to all of the remaining named Vendor Defendants, along with supporting materials reflecting Fansteel Inc.'s incurred past response costs at the Fansteel Metals Site, as well as a draft proposed Settlement Agreement.

7. Starting in late 2024 and continuing into 2025, Plaintiff conferred with USEPA and DOJ Enforcement over several months to address certain concerns that the parallel but separate settlements brought to light. *See* Dkts. #286 at ¶11, #283 at ¶11. Through those discussions, USEPA, DOJ and Fansteel discussed and agreed to implement a new "single settlement" structure with the Participating Defendants which comprise Fansteel Metals Site PRPs that include not only the *de minimis* Vendor Defendants, Kennametal, Osram Sylvania and the United States Defendant,

4

K2859\419842\285642486.v2

but also Cabot, Metallurg, and Everzinc, whose volumetric share is asserted to be greater than 1% but less than 4%.

8. As previously disclosed, the new settlement structure will be consistent with a single document geared towards resolving both USEPA's past and future response cost claims and Fansteel's past response costs claims with each Participating Defendant, through multilateral, confidential settlement discussions involving all the participating parties. This mechanism will enable the parties to (a) reconcile their respective volumetric share calculations performed by USEPA and by Fansteel Metals, (b) incorporate recently produced and additional nexus records; as well as (c) evaluate Fansteel's evidence in support of its incurred past costs and the amount to be included in the proposed "single settlement" model, in order for each Participating Defendant to resolve their alleged civil liability regarding the Fansteel Metals Site to the USEPA and to Fansteel through cash payment. Upon such payment, each Participating Defendant will receive contribution protection for the settled claims by operation of CERCLA Section 113(f)(2) and dismissal with prejudice of Fansteel's claims against them in this matter.[6]

9. For the Defendants' consideration to facilitate their negotiations under the "single settlement" methodology, Plaintiff has furnished Defendants with technical administrative records for the Fansteel Metals Site, as well as nexus documents previously furnished to the EPA that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI"), as well as additional secondary and further supportive Vendor specific documents not included in Plaintiff's EPA RFI response, that comprise its "Vendor Documents." In addition to the Vendor Documents, Plaintiff has stated that the following additional records are

---

[6] Plaintiff provided the language contained within Paragraphs 7-8 to USEPA and DOJ for their consideration, and each confirmed no opposition to Plaintiff's characterizations.

5

K2859\419842\285642486.v2

being prepared and furnished by Plaintiff to Defendants and USEPA.

    a. Additional business records relating to the operations of the Fansteel, Inc. facility prior to cessation of operations. These records have been compiled, organized, summarized, Bates labeled for identification, and produced, excepting certain records specific to BHP that Plaintiff will produce upon BHP's execution of an agreeable clawback agreement pursuant to Fed. R. Evid. 502. In addition, Fansteel, Inc. records that were retained by former Fansteel, Inc. employee John J. Hunter have also been produced. The steps undertaken by Plaintiff to analyze and summarize the additional business records of Fansteel within Summary Spreadsheets provided to Defendants to assist them in ascertaining any documents within the additional business records of Fansteel that may have specific relevance to them and their calculation of the Residual Waste Material (RWM) volume attributable to their respective arrangements with Fansteel.

    b. Preliminary Summary Spreadsheets and the underlying and supportive documentation relating to Fansteel's incurred past response costs at the Fansteel Metals Site, for each of the following three groupings based on timeframe.

        i. <u>Fansteel Past Costs 1989-2003.</u> A Summary Spreadsheet in preliminary and revised form, as well as supporting records, including invoices and payments segregated by year, have been Bates labeled for identification and reflect all vendor invoices incurred by Fansteel during each year during this period and were produced with updated Summary Spreadsheet.

        ii. <u>Fansteel Past Costs 1998-2001 (Reprocessing Plant).</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation has been compiled and organized, Bates labeled for identification, and produced.

6

    iii. <u>Fansteel Past Costs 2004-2023.</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation comprising several thousand documents has been compiled and organized, and the process of Bates labeling for identification and production is nearly complete.

10. Through their motions, answers and FRE 408 settlement discussions, all Defendants have denied liability. Regardless of any filings of record, the Court should deem that all Defendants have done so.

11. These issues may ultimately require adjudication by this Court, but in order to get there, Plaintiff believes that the "single settlement" process should be allowed time to allow USEPA, DOJ, and Fansteel the time to negotiate and approve settlements under the new "single settlement" structure which has the potential to resolve both USEPA's past and future response costs claims and Plaintiff's past response costs claims with all but one Defendant, BHP, which continues to participate in Fed. R. Evid. 408 bilateral settlement discussions with Plaintiff.

12. Plaintiff's view is that subsequent to the issues discussed in Paragraphs 11-15 playing themselves out, disposition of the pending legal issues, such as arranger liability, including useful product and intent to dispose, as well as the amount of their liability, including equitable allocation to Plaintiff as owner-operator, can be most efficiently handled by the Court with respect to the remaining Defendant(s).

Dated:  December 31, 2025					Respectfully Submitted,

**Fansteel Metals, Inc. f/k/a FMRI, INC.**

By:  */s/ Jeffrey M. Sniadanko*
Jeffrey M. Sniadanko, Esq. (IL 6331532)
*(Admitted Pro Hac Vice)*
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, IL  60601
Tel: (312) 985-5523 - Fax: (312) 985-5966
jsniadanko@clarkhill.com
Christopher R. Ward, Esq. (32300)
cward@clarkhill.com

K2859\419842\285642486.v2

**CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 31st day of December, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all of the counsel of record. Additionally, I served a copy upon counsel for the following party who was served but is not yet appeared: Amalgamet, Inc.

    *s/ Jeffrey M. Sniadanko*