IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FANSTEEL METALS, INC. F/K/A FMRI, INC.,

      Plaintiff,

      v.

MUSKOGEE CITY-COUNTY PORT
AUTHORITY; *et al*.;

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.  CIV-21-102-JWB-DES

**UPDATED JOINT [1] STATUS REPORT PURSUANT TO
EIGHTH AMENDED INITIAL INTERIM CASE MANAGEMENT ORDER
EXTENDING STAY DATED FEBRUARY 13, 2026**

In accordance with the Court's Order dated February 13, 2026 (Dkt. #302), the parties

hereto ("Parties"), comprising the Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff"), by

and through its counsel, Clark Hill PLC, and all Defendants currently subject to the Court's Eighth

Amended Initial Interim Case Management Order Extending Stay entered on February 13, 2026

(Dkt. #302) to allow adequate time for the Defendants who are now participating in multilateral

confidential settlement negotiations, which are based upon a "single settlement" methodology and

involve the United States Environmental Protection Agency ("USEPA"), Department of Justice

("DOJ") and Plaintiff, in furtherance of Defendants potential resolution of their liability to USEPA

---

[1]     Plaintiff has circulated a draft of this Updated Status Report to all Defendants. However, given the nature of the Plaintiff's confidential discussions with USEPA and its bilateral FRE 408 discussions with Defendants, the Parties have adopted the following language proposed to streamline its filing:

> The statements made in this Status Report generally concern matters over which Plaintiff has greater familiarity and are, therefore, statements of the Plaintiff (and should not be taken as statements of any Defendant). For purposes of this filing, Defendants do not adopt the contents of this Status Report. However, Defendants fully support further extension of the stay to facilitate further settlement discussions.

and Plaintiff, through the recently implemented "single settlement" methodology Specifically, Kennametal, Inc., Osram Sylvania, Inc., United States Defendant, Cabot Corporation, EverZinc USA, Inc., and Metallurg, Inc. are collectively the "Participating Defendants."[2] Consequently, Plaintiff, the Participating Defendants, as well as Defendant BHP Minerals Service Company, Inc., which continues to participate in bilateral Fed. R. Evid. 408 settlement discussions with Plaintiff, through their respective counsel, state the following as their Updated Joint Status Report regarding ongoing settlement discussions. *See* Dkt. #302.

1.      For the Court's continued ease of reference, Plaintiff's previously summarized and reattached Plaintiff's Summary Chart characterizes relevant information for each Participating Defendant who has been served or waived service of summons and are participating in Fed. R. Evid. 408 settlement discussions with Plaintiff. **Exhibit 1**, Summary Chart attached as <u>Ex. 1</u> to Plaintiff's March 28, 2025 and June 24, 2025 *Updated Status Reports* (Dkts. #280-1 and #283-1); *see also e.g.,* Dkts. #242, #256, #264, #267, #273, #280, #283, #286, #291. For context, Plaintiff also includes the PRPs named as defendants in the companion case filed by Plaintiff in this District through separate counsel, due to undersigned counsel's conflicts.[3] *See id.*, *see also e.g.,* Dkt. #242 at ¶ 7.

2.      Among the information contained in the Summary Chart is generalized information about the Parties' positions regarding liability and allocation under its remaining cause of action

---

[2]      Plaintiff understands that Defendant Amalgamet, Inc. has requested the USEPA and DOJ evaluate and determine its defense to its *de minimis* liability based upon a limited ability to pay and is not anticipated to participate in the new "single settlement" negotiations. Subject to USEPA's and DOJ's determination of Amalgamet's defense, Amalgamet's appropriate resolution of USEPA's and Fansteel's response costs claims, and USEPA's issuance of contribution protections under CERCLA, Amalgamet will be dismissed from this action.
[3]      The Companion Litigation is styled as *Fansteel Metals, Inc. v. Citigroup, Inc. and Union Carbide Corporation*, Case No. 6:22-cv-00366-JFH-GLJ and names two vendor defendants, Union Carbide Corporation and Citigroup, Inc.

K2859\419842\288060485.v1

(Count V),[4] which seeks contribution under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA") relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Metals Site"). *See id.*

3.    Pertinent thereto, Plaintiff states that its pending causes of action in the Second Amended Complaint against the Defendants arise under the Environmental Settlement Agreement ("ESA") entered by the Bankruptcy Court for Fansteel's 2016 bankruptcy. *See* **Exhibit 2**, ESA previously attached as Ex. 2 to Plaintiff's March 28, 2025 and June 24, 2025 *Updated Status Reports* (Dkt. #280-2 and #283-2); *see also* SAC filed at Dkt. #89.[5] The ESA resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and USEPA, and the Oklahoma Department of Environmental Quality ("ODEQ"). *See id.*

4.    In accordance with the ESA, Plaintiff states that it is *required to complete* the investigation and remediation of the Fansteel Metals Site and *to pursue* all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's response costs incurred and to be incurred. *See* ESA, Ex. 2. The ESA also incorporates provisions relating to the

---

[4]    Count I, seeking cost recovery, was dismissed by the Court in its prior ruling on Muskogee City-County Port Authority's Partial Motion to Dismiss (Dkt. #158), which is dispositive of cost recovery against the Vendor Defendants (Count IV).

[5]    Defendants deny Plaintiff's claims. Further, Owner Defendant, Muskogee City-County Port Authority, reached a *De Minimis* settlement with the EPA that foreclosed Plaintiff's claims herein. Fansteel Metals subsequently entered into a joint stipulation of dismissal with Owner Defendant, Muskogee City-County Port Authority, with prejudice pursuant to FRCP 41(a)(1)(A)(ii), which was entered by this Court on April 29, 2024 (Dkt. #262).

K2859\419842\288060485.v1

Net Proceeds obtained from PRPs, including that the Net Proceeds are to be used to satisfy Fansteel's requirements under its Plan of Liquidation in the 2016 Bankruptcy and are to be allocated between Plaintiff and the NRC/USEPA/ODEQ for use for ongoing and future work to investigate and remediate the Fansteel Metals Site. *See* ESA, Ex.2 at ¶ 14.

5.    Following the Fansteel Metals Site's inclusion on the National Priorities List ("NPL"), USEPA is now planning to complete the remediation of the Fansteel Metals Site. Accordingly, Plaintiff's Motions for entry of Amended Initial Interim Case Management Orders (*see* Dkt. #256 at ¶¶ 1-4; Dkt. #264 at ¶¶ 1-6; Dkt. #267 at ¶¶ 1-6; Dkt. #273 at ¶¶ 3-5) account for this development, which altered the scope of Plaintiff's contribution claims under the ESA and its Fed. R. Evid. 408 settlement discussions with the Defendants.

6.    On August 22, 2024, USEPA issued *De Minimis* settlement offers ("DSO") to Kennametal, Inc., Osram Sylvania, Inc. Amalgamet, Inc., and the United States Defendant. *See* Dkt. #273 at ¶¶ 3-5. Accordingly, on September 20, 2024, pursuant to Fed. R. Evid. 408, Plaintiff finalized and issued its Revised Updated Confidential Fansteel Past Costs Settlement Structure Memorandum ("Past Costs Settlement") to all of the remaining named Vendor Defendants, along with supporting materials reflecting Fansteel Inc.'s incurred past response costs at the Fansteel Metals Site, as well as a draft proposed Settlement Agreement.

7.    Starting in late 2024 and continuing into 2025, Plaintiff conferred with USEPA and DOJ Enforcement over several months to address certain concerns that the parallel but separate settlements brought to light. *See* Dkts. #286 at ¶11, #283 at ¶11. Through those discussions, USEPA, DOJ and Fansteel discussed and agreed to implement a new "single settlement" structure with the Fansteel Metals Site PRPs that will include not only the *de minimis* Vendor Defendants, Kennametal, Osram Sylvania and the United States Defendant, but also Cabot, Metallurg, and

4

Everzinc, whose volumetric share is greater than 1% but less than 4% (collectively, "Participating Defendants").

8.    As previously disclosed, the new settlement structure will be consistent with a single document geared towards resolving both USEPA's past and future response cost claims and Fansteel's past response costs claims with each Participating Defendant, through multilateral, confidential settlement discussions involving all the participating parties. This mechanism will enable the parties to (a) reconcile their respective volumetric share calculations performed by USEPA and by Fansteel Metals, (b) incorporate recently produced and additional nexus records; as well as (c) evaluate Fansteel's evidence in support of its incurred past costs and the amount to be included in the proposed "single settlement" model, in order for each Participating Defendant to resolve their alleged civil liability regarding the Fansteel Metals Site to the USEPA and to Fansteel through cash payment. Upon such payment, each Participating Defendant will receive contribution protection for the settled claims by operation of CERCLA Section 113(f)(2) and dismissal with prejudice of Fansteel's claims against them in this matter.[6]

9.    For the Defendants' consideration to facilitate their negotiations under the "single settlement" methodology, Plaintiff has furnished Defendants with technical administrative records for the Fansteel Metals Site, as well as nexus documents previously furnished to the EPA that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI"), as well as additional secondary and further supportive Vendor specific documents not included in Plaintiff's EPA RFI response, that comprise its "Vendor Documents." In addition to the Vendor Documents, Plaintiff has stated that the following additional records are

---

[6]    Plaintiff provided the language contained within Paragraphs 7-8 and 13-14 to USEPA and DOJ for their consideration, and each confirmed no opposition to Plaintiff's characterizations.

being prepared and furnished by Plaintiff to Defendants and USEPA.

    a.  Additional business records relating to the operations of the Fansteel, Inc. facility prior to cessation of operations. These records have been compiled, organized, summarized, Bates labeled for identification, and produced, excepting certain records specific to BHP. In addition, Fansteel, Inc. records that were retained by former Fansteel, Inc. employee John J. Hunter have also been produced.

    b.  Preliminary Summary Spreadsheets and the underlying and supportive documentation relating to Fansteel's incurred past response costs at the Fansteel Metals Site, for each of the following three groupings based on timeframe.

        i.  <u>Fansteel Past Costs 1989-2003.</u> A Summary Spreadsheet in preliminary and revised form, as well as supporting records, including invoices and payments segregated by year, have been Bates labeled for identification and reflect all vendor invoices incurred by Fansteel during each year during this period and were produced with updated Summary Spreadsheet.

        ii.  <u>Fansteel Past Costs 1998-2001 (Reprocessing Plant).</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation has been compiled and organized, Bates labeled for identification, and produced.

        iii.  <u>Fansteel Past Costs 2004-2024.</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation comprising several thousand documents has been compiled, organized annually and then by category, Bates labeled for identification, and are being produced to BHP and to the Participating Defendants within the context of their evolving Confidential "single settlement" negotiation process.

10.    Through their motions, answers and FRE 408 settlement discussions, all Defendants have denied liability. Regardless of any filings of record, the Court should deem that all Defendants have done so.

K2859\419842\288060485.v1

11.     These issues may ultimately require adjudication by this Court. However, recent developments have occurred in the case and the "single settlement" process.

12.     First, in order to streamline the Court Clerk's tracking the remaining parties' consents for referral of this matter to the Magistrate Judge, Plaintiff dismissed its claims against named but unserved defendants. *See* Dkts. #298, #299. Ultimately, all parties consented and the matter was formally reassigned to Magistrate Judge D. Edward Snow to "exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a)." *See* Dkt. #301.

13.     Second, by its very nature, the "single settlement" process will require that USEPA, DOJ, Fansteel, and each of the Participating Defendants will be participating in multi-lateral, confidential settlement negotiations. A threshold step required that each participant would have to agree to maintain and secure the confidentiality of these discussions in order to facilitate the parties' free exchange of protected information and offers of settlement or compromise between them. As of April 28, 2026, all the "single settlement" participants approved the final form, and thereafter executed or will be executing prior to the parties' initial joint discussions, a Confidentiality Agreement that will facilitate the "single settlement" discussions, by ensuring their confidentiality.

14.     Accordingly, subsequent coordination between all of the "single settlement" participating parties resulted in their scheduling the initial confidential "single settlement" negotiation videoconference between all of the participating parties during the afternoon of June 4, 2026.

15.     Fansteel and Participating Defendants appreciate that even though the process is finally underway, the amount of time it will take to negotiate and approve settlements under the

K2859\419842\288060485.v1

new "single settlement" structure remains an uncertainty. However, the process has the potential to resolve both USEPA's past and future response costs claims and Plaintiff's past response costs claims with all but one Defendant, BHP, which continues to participate in Fed. R. Evid. 408 bilateral settlement discussions with Plaintiff.

16.     Plaintiff's view is that subsequent to the issues discussed in Paragraphs 11-15 playing themselves out, disposition of the pending legal issues, such as arranger liability, including useful product and intent to dispose, as well as the amount of their liability, including equitable allocation to Plaintiff as owner-operator, can be most efficiently handled by the Court with respect to the remaining Defendant(s).

Dated:  June 2, 2026                         Respectfully Submitted,

**Fansteel Metals, Inc. f/k/a FMRI, INC.**

By:     */s/ Jeffrey M. Sniadanko*
Jeffrey M. Sniadanko, Esq. (IL 6331532)
*(Admitted Pro Hac Vice)*
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, IL  60601
Tel: (312) 985-5523 - Fax: (312) 985-5966
jsniadanko@clarkhill.com
Christopher R. Ward, Esq. (32300)
cward@clarkhill.com

8

K2859\419842\288060485.v1

9

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 2nd day of June, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all of the counsel of record.


*s/ Jeffrey M. Sniadanko*_____

K2859\419842\288060485.v1