**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FANSTEEL METALS, INC. F/K/A FMRI, INC.,    ) | |
|    ) | |
| Plaintiff,    ) | |
|    ) | |
| v.    ) | Case No.  CIV-21-102-JWB-DES |
|    ) | |
| MUSKOGEE CITY-COUNTY PORT    ) | |
| AUTHORITY; *et al.*;    ) | |
|    ) | |
| Defendants.    ) | |
| _____/ | |

**PLAINTIFF'S MOTION FOR EXPEDITED [1] AND AGREED [2] RELIEF FOR ENTRY
OF NINTH AMENDED INITIAL INTERIM CASE MANAGEMENT ORDER TO
EXTEND STAY AND FILING DEADLINES**

Plaintiff, FANSTEEL METALS, INC. f/k/a FMRI, Inc., ("Plaintiff"), by and through its

counsel, Clark Hill PLC, moves this Court pursuant to Fed. R. Civ. P. 6 and 16, and LCvR 7.1(d)

and 7.1(i), and in accordance with the ongoing and unopposed relief provided by the Court in its

*Eighth Amended Initial Interim Case Management Order* entered on February 13, 2026 at Dkt.

#302 ("Eighth Amended Initial CMO") following its Minute Orders relating to its January 23,

2026 Rule 73 Conference and the Parties' Consent to Jurisdiction of the United States Magistrate

Judge and Reassignment to Magistrate Judge D. Edward Snow at Dkts. #293, #294 and #301, for

---

[1]     Plaintiff requests expedited consideration of the instant Motion pursuant to LCvR 7.1(d). *See also* Eighth Amended Initial CMO entered February 13, 2026 setting the deadline the stay of proceedings. Dkt. #302. The Court's Eighth Amended Initial CMO provides that unless they have already done so, each Defendant is required to have answered or otherwise pleaded to Plaintiff's Second Amended Complaint on or before June 19, 2026. Dkt. #302; Dkt. #89. The proposed Ninth Amended Initial Interim Case Management Order and extended stay of certain deadlines sought herein directly relates to and will extend the June 19, 2026 deadline to September 1, 2026.

[2]     As specified in the Updated Joint Status Report filed on June 2, 2026, all Defendants concur with the further extension of the litigation stay and deadlines. Dkt. #303 at p. 1, fn.1.

further expedited relief through entry of an Eighth Amended Initial Interim Case Management Order that continues the extended stay of litigation deadlines applicable to all Parties (which is agreed to). *See* fn. 2, *supra*.

As detailed by Plaintiff in its latest status report, filed on June 2, 2026 at Dkt. #303, the United States Environmental Protection Agency ("USEPA"), the Department of Justice ("DOJ"), Plaintiff, and several of the Fansteel Metals Site PRPs have agreed to participate in multilateral confidential settlement negotiations based upon a "single settlement" methodology. Specifically included were named Defendants, Kennametal, Inc., Osram Sylvania, Inc., United States Defendant, Cabot Corporation, EverZinc USA, Inc., and Metallurg, Inc. (collectively the "Participating Defendants").[3] In addition, Plaintiff continues to participate in bilateral Fed. R. Evid. 408 settlement discussions with Defendant BHP Minerals Service Company, Inc.("BHP"). Accordingly, Plaintiff's proposal for entry of a Ninth Amended Initial CMO will:

A. Require the submission of a further Status Report on or before August 21, 2026, regarding the status of this case, including the multilateral, confidential "single settlement" negotiations between Plaintiff, the Participating Defendants, USEPA and DOJ Enforcement, as well as Plaintiff's FRE 408 settlement discussions with BHP; and

B. Further stay litigation deadlines until September 1, 2026, which date shall:

   i. be subject to modification and/or further extension upon Plaintiff's request and good cause shown, as necessary to accomplish the goals set forth herein, while allowing Participating Defendants to conclude their "single settlement" negotiations with USEPA/DOJ/Plaintiff, and

   ii. become the operative deadline, unless modified or extended, for any remaining Defendants to file their answer or otherwise plead to the SAC and scheduling briefing on pending motions to dismiss.

---

[3] Plaintiff understands that Defendant Amalgamet, Inc. has requested the USEPA and DOJ evaluate and determine its defense to its *de minimis* liability based upon a limited ability to pay and is not anticipated to participate in the new "single settlement" negotiations. Subject to USEPA's and DOJ's determination of Amalgamet's defense, Amalgamet's appropriate resolution of USEPA's and Fansteel's response costs claims, and USEPA's issuance of contribution protections under CERCLA, Amalgamet will be dismissed from this action.

2

As reflected in the most recent Status Report, the Court's implementation of such extended relief is intended to allow additional time so that the multilateral confidential negotiations can conclude, any agreed upon payments be made, and the single document geared towards resolving claims against each Participating Defendant with respect to USEPA's past and future response cost claims and Fansteel's past response cost claims be finalized and executed. For all the reasons previously set forth by Plaintiff in its prior *Motions for Relief*, *see* Dkts. #256, #264, #267, #273, #281, #284, #290, #292 and the bases set forth in the Parties' June 2, 2026 Updated Status Report and herein, Plaintiff believes that the interests of judicial economy support good cause that continues to exist for this Court to modify the schedule and further extend the temporary stay and filing deadlines in this litigation. In further support, Plaintiff states as follows:

1.    Since the Court's entry of the First Amended Initial CMO on March 28, 2024, Plaintiff and the Defendants awaited action by USEPA and DOJ Enforcement to facilitate resolution of Plaintiff's past costs claims herein. Dkt. #256 at p. 2; Dkt. #264 at p. 2; Dkt. #283 at pp. 1-2, Dkt. #286 at pp. 1-2, 6, Dkt. #291 at pp. 1-2, 4-5, Dkt. #303, pp. 1-2, 4-7.

2.    During this period, USEPA took over the Fansteel Metals Site in early October, 2024 since Plaintiff had no funds to maintain the Fansteel Metals Site. An Action Memorandum issued by USEPA on September 19, 2024 authorized certain removal work completed by USEPA during 2025, for which costs USEPA will be reimbursed by the Defendants, as follows:

   a.   continued operation of the wastewater/groundwater treatment system;

   b.   construction of a cap over contaminated soils being stored on-Site generated from the construction of the interceptor trench in the late 1990s;

   c.   removal of the supersacks containing contaminated soil from berms surrounding Ponds 1 North and South and Pond 5 as well as some Work in Process ("WIP") from ponds 2 and 3;

   d.   disposal of certain waste material onsite; and

3

e.   re-routing of certain drainage areas to the Arkansas River.

3.    On August 22, 2024, USEPA issued *De Minimis* settlement offers ("DSO") to Kennametal, Inc., Osram Sylvania, Inc., Amalgamet, Inc., and the United States Defendant, providing for statutory contribution protections and a covenant not to sue from the United States under Section 113(b) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"). *See* Dkt. #273 at ¶¶ 3-5. Accordingly, on September 20, 2024, pursuant to Fed. R. Evid. 408, Plaintiff finalized and issued its Revised Updated Confidential Fansteel Past Costs Settlement Structure Memorandum ("Past Costs Settlement") to all of the remaining named Vendor Defendants, along with supporting materials reflecting Fansteel Inc.'s incurred past response costs at the Fansteel Metals Site, as well as a draft proposed Settlement Agreement. *See* Dkt. #256 at ¶¶ 1-3, 10; Dkt. #267 at ¶¶ 1-3, 10, Dkt. #273 at ¶¶ 1-5; Dkt. #283 at ¶¶ 1-6, Dkt. #286 at ¶¶ 1-6, Dkt. #291 at ¶¶ 1-6, Dkt. 303, at ¶¶ 1-6.

4.    Starting in late 2024 and continuing into 2025, Plaintiff conferred with USEPA and DOJ Enforcement to address certain concerns that the parallel but separate settlements brought to light. *See* Dkts. #286 at ¶11, #283 at ¶11. Through those discussions, USEPA, DOJ and Plaintiff discussed and agreed to implement a new "single settlement" structure with the Participating Defendants which comprise Fansteel Metals Site PRPs that include not only the *de minimis* Vendor Defendants, Kennametal, Osram Sylvania and the United States Defendant, but also Cabot, Metallurg, and Everzinc, whose volumetric share is asserted to be greater than 1% but less than 4% (collectively, "Participating Defendants"). Dkt. 303, at ¶ 7

5.    As previously disclosed, the new settlement structure will be consistent with a single document geared towards resolving both USEPA's past and future response cost claims and Plaintiff's past response cost claims with each Participating Defendant, through multilateral,

4

confidential settlement discussions involving all the participating parties. This mechanism will enable the parties to (a) reconcile their respective volumetric share calculations performed by USEPA and by Plaintiff, (b) incorporate recently produced and additional nexus records; as well as (c) evaluate Plaintiff's evidence in support of its incurred past costs and the amount to be included in the proposed "single settlement" model, in order for each Participating Defendant to resolve their alleged civil liability regarding the Fansteel Metals Site to the USEPA and to Plaintiff through cash payment. Upon such payment, each Participating Defendant will receive contribution protection for the settled claims by operation of CERCLA Section 113(f)(2) and dismissal with prejudice of Plaintiff's claims against them in this matter.[4] Dkt. 303, at ¶ 8

6.      For the Defendants' consideration to facilitate their negotiations under the "single settlement" methodology, Plaintiff has furnished Defendants with technical administrative records for the Fansteel Metals Site, as well as nexus documents previously furnished to the EPA that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI"), as well as additional secondary and further supportive Vendor specific documents not included in Plaintiff's EPA RFI response, that comprise its "Vendor Documents". In addition to the Vendor Documents, Plaintiff has stated that the following additional records are being prepared and furnished by Plaintiff to Defendants and USEPA.

a. **Business Records of Fansteel, Inc.** Additional business records relating to the operations of Fansteel, Inc.'s Muskogee facility prior to cessation of operations. These records comprising 9 boxes have been compiled, organized, summarized, Bates labeled for identification, and produced, along with certain business

---

[4]      Plaintiff provided the language contained within Subparagraph 5 to USEPA and DOJ for their consideration, and each confirmed no opposition to Plaintiff's characterizations. *See* Dkt. #291, ¶8, Dkt. #303, ¶7-8.

records that were retained by former Fansteel, Inc. employee John J. Hunter. An additional box of internal litigation records related to the early 1980's litigation involving Fansteel, Inc. and Billiton Supply Inc., an alleged predecessor of Defendant BHP Minerals Service Company, will be produced pursuant to claw back under Fed. R. Evid. 502.

b. **Fansteel's Past Costs.** Preliminary Summary Spreadsheets and the underlying and supportive documentation relating to Fansteel's incurred past response costs at the Fansteel Metals Site are being provided with respect to each of the following three groupings based on timeframe.

   i. <u>Fansteel Past Costs 1989-2003.</u> A Summary Spreadsheet in preliminary and revised form, as well as supporting records, including invoices and payments segregated by year, have been Bates labeled for identification and reflect all vendor invoices incurred by Fansteel during each year during this period and were produced with updated Summary Spreadsheet.

   ii. <u>Fansteel Past Costs 1998-2001 (Reprocessing Plant).</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation has been compiled and organized, Bates labeled for identification, and produced.

   iii. <u>Fansteel Past Costs 2004-2024.</u> A Summary Spreadsheet was provided in preliminary summary draft form. Supporting documentation comprising several thousand documents has been compiled, organized annually and then by category, Bates labeled for identification, and are being produced to BHP and to the Participating Defendants within the context of their evolving Confidential "single settlement" negotiation process

Dkt. 303, at ¶ 9.

7.    These issues may ultimately require adjudication by this Court. However, recent developments have occurred in the case and the "single settlement" process.

8.    First, in order to streamline the Court Clerk's tracking the remaining parties'

6

consents for referral of this matter to the Magistrate Judge, Plaintiff dismissed its claims against named but unserved defendants. *See* Dkts. #298 and #299. Ultimately, all parties consented and the matter was formally reassigned to Magistrate Judge D. Edward Snow to "exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a)." *See* Dkt. #301.

9.      Second, by its very nature, the "single settlement" process will require that USEPA, DOJ, Fansteel, and each of the Participating Defendants will be participating in multi-lateral, confidential settlement negotiations. A threshold step required that each participant would have to agree to maintain and secure the confidentiality of these discussions in order to facilitate the parties' free exchange of protected information and offers of settlement or compromise between them. As of April 28, 2026, all the "single settlement" participants approved the final form and thereafter executed, a Confidentiality Agreement that will facilitate the "single settlement" discussions, by ensuring their confidentiality.

10.      Accordingly, subsequent coordination between all of the "single settlement" participating parties resulted in an initial confidential "single settlement" negotiation videoconference between all of the Participating Defendants, USEPA, DOJ and Plaintiff during the afternoon of June 4, 2026.

11.      Accordingly, additional time will be needed for the Participating Defendants', USEPA's, DOJ's and Plaintiff's discussions to progress, while maintaining the status quo with respect to this litigation as to all parties. Plaintiff proposes an extension until September 1, 2026, with a preceding status report on August 21, 2026 is appropriate and reasonable under the circumstances.

12.      A proposed Ninth Amended Initial Interim Case Management Order, providing for

7

the further extension of deadlines and the litigation stay until September 1, 2026 and Plaintiff filing

a status report on August 21, 2026, as requested herein, is attached as Exhibit A.

WHEREFORE, Plaintiff Fansteel Metals, Inc. f/k/a FMRI, Inc, respectfully requests this

Court grant the relief sought herein and enter a Ninth Amended Case Management Order and grant

such additional relief as the Court may deem just and appropriate under the circumstances.

Dated June 17, 2026                    Respectfully Submitted,

                                       FANSTEEL METALS, INC. f/k/a FMRI, INC.
                                       Plaintiff,


Christopher R. Ward, Esq. (32300)      By:    *Jeffrey M. Sniadanko*
(cward@clarkhill.com)                  Jeffrey M. Sniadanko, Esq. *(Admitted*
CLARK HILL PLC                         *Pro Hac Vice)* (jsniadanko@clarkhill.com)
2600 Dallas Parkway, Suite 600         Eric Dorkin, Esq. *(Motion for Admission Pro Hac*
Frisco, Texas 75034                    *Vice to be Filed)* (edorkin@clarkhill.com)
                                       CLARK HILL PLC
                                       130 East Randolph Street, Suite 3900
                                       Chicago, IL  60601
                                       Tel: (312) 985-5523 (Sniadanko)
                                       Fax: (312) 985-5966

8

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 17th day of June, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all the counsel of record.

*s/ Jeffrey M. Sniadanko*_____